J-S55010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 3868 EDA 2017 |
| THURMOND ALLEN | | |

Appeal from the Order Entered October 24, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004768-2017

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 07, 2018**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered on October 24, 2017, granting a motion for suppression filed by Thurmond Allen.  Upon careful review, we reverse and remand for additional proceedings.

The trial court recited the facts of this case as follows:[1]

On January 22, 2017[,] at about 9:43 p.m.[,] Officer [Joshua] Alexander arrived at [an apartment building in Delaware County, Pennsylvania] to investigate a reported fight with a gun in the parking lot.  On his arrival[,] he saw a white pick-up truck leaving the lot.  He stopped the truck and made contact with the driver (Anthony Allen) and the [co-d]efendant (Sabrina Allen).  He learned from one of [] these subjects that earlier in the evening

---

[1]   The trial court adduced the facts from the affidavit of probable cause supporting the search warrant at issue, as well as the testimony from the preliminary hearing and suppression hearing.

Sabrina Allen had an argument with her boyfriend[,] Thurmond Allen[,] in Apartment 319 and that she called Anthony Allen.[2] Anthony went to the apartment and a physical altercation between him and Thurmond Allen took place. Officer Alexander observed fresh cuts on Anthony Allen's hands. Officer Alexander asked [Sabrina Allen] for a description of Thurmond Allen and for the apartment number.

When speaking with Anthony Allen[,] Officer Alexander detected the odor of marijuana emanating from the interior of the vehicle. Officer Alexander searched the truck [with Anthony's consent] and found a duffle bag containing what he believed to be a vacuum-packed nine by [13] by two inch thick brick of marijuana. Officer Alexander asked Anthony Allen about the duffel bag and he stated that it was given to him by Thurmond Allen and that he did not know what was inside the bag. A gun was not found in the truck.

Anthony Allen was arrested. He was transported to the Radnor Police Department and was found to be carrying [10] clear plastic baggies of suspected cocaine in an Altoids container, and an additional [37] "8 ball"[-]sized and [20] "dime bag" baggies of marijuana in the duffel bag.[3]

During the interaction in the parking lot[,] an assisting officer went to Apartment 319 and attempted to make contact with Thurmond Allen. The door was ajar and the door frame was damaged consistent with forcible entry. Thurmond Allen did not respond to the officer's repeated knocking but soon thereafter arrived and another officer met him. That officer requested consent to search the apartment for the gun allegedly used [during the prior, reported physical altercation], and Thurmond Allen refused.

---

[2] Despite sharing the same last name, the trial court notes that the parties are not related. Trial Court Opinion, 1/24/2018, at 3 n.4. In order to avoid confusion, we will use full or first names throughout this memorandum. Moreover, we note that the Commonwealth is also challenging the trial court's grant of suppression in Sabrina Allen's case at 3860 EDA 2017.

[3] Laboratory tests later confirmed that the substances were, in fact, cocaine and marijuana, respectively.

The neighbor[, Cynthia Neenan,] who called in the disturbance was contacted and she stated that she saw a violent fight outside her apartment and that she heard someone involved in the fight say that they had a gun.

Officer Alexander concluded: "Due to the above information, including the sheer quantity of the narcotics, the damage to the apartment door, the statement of Cynthia Neenan regarding a possible firearm, along with the violent nature of narcotics deals and dealers," he [] request[ed] a search warrant. The items to be searched for included[,] *inter alia*, marijuana, cocaine, drug paraphernalia, firearms, ammunition, proof of residency and records.

Trial Court Opinion, 1/24/2018, at 8-9 (most quotations omitted).

A search warrant was issued for Apartment 319 and executed by Officer Jonathon Jagodinski on January 23, 2017. N.T., 7/27/2017, at 28-30. Officer Jagodinski testified that the apartment was "in transition" with male and female clothing found throughout. *Id.* at 33-34. There were several zipped suitcases in the living room area. *Id.* at 33. One of the suitcases contained a modified, "sawed off" shotgun and a black ski mask. *Id.* at 30, 33. Police also recovered mail addressed to both Thurmond Allen and Sabrina Allen at the subject residence, as proof of residency. *Id.* at 29-30, 36-37. Officer Jagodinski seized a grinder with marijuana residue and a roach with burnt marijuana from the common area and recovered a glass bong containing marijuana from a bedroom. *Id.* at 29, 34.

Police arrested Thurmond Allen and the Commonwealth filed a criminal complaint against him on January 23, 2017. Following a preliminary hearing, on July 27, 2017, a magisterial district judge held Thurmond Allen for trial on the charges of persons not to possess a firearm, prohibited offensive weapon,

possession of a controlled substance, possession of drug paraphernalia, and three counts of conspiracy.[4] On September 18, 2018, Thurmond Allen filed an omnibus pretrial motion seeking suppression of the evidence recovered from Apartment 319. The trial court held a suppression hearing on October 4, 2017. On October 24, 2017, the trial court entered an order granting Thurmond Allen's suppression motion.

In a subsequent opinion setting forth the grounds for ordering suppression, the trial court held that the affidavit of probable cause failed to justify the search of Apartment 319. Specifically, the trial court found that the veracity of Anthony Allen was suspect and that Officer Alexander could not rely on his statements because: (1) police arrested Anthony Allen with a large quantity of marijuana; (2) Anthony Allen attempted to shift blame by claiming he did not know what was inside the duffel bag; and, (3) Anthony Allen told Officer Alexander that Thurmond Allen gave him the marijuana despite the physical confrontation between the two moments before. Trial Court Opinion, 1/24/2018, at 6. The trial court opined that it was erroneous for Officer Alexander to conclude that, "drugs and firearms could be found together in the apartment based on Anthony Allen's representation that he innocently received [the] duffel bag from Thurmond Allen [and] that 'narcotics deals and dealers' are violent by nature[.]" *Id.* at 5. Thus, the trial court determined

---

[4] 18 Pa.C.S.A. § 6105, 18 Pa.C.S.A. § 908, 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S.A. § 903, respectively.

that the Commonwealth failed to prove that there was probable cause to issue the search warrant and that the evidence obtained therefrom required suppression. This timely appeal resulted.[5]

On appeal, the Commonwealth presents the following issue for our review:

> Whether the trial court erred as a matter of law in granting [Allen's] motion to suppress the evidence recovered following the execution of a search warrant at [Thurmond Allen's] apartment?

Commonwealth's Brief at 1.

The Commonwealth argues that the trial court erred by granting Thurmond Allen's motion for suppression. Commonwealth's Brief at 11-18. Initially, the Commonwealth notes:

> In the instant case, the trial court concluded that the affidavit [in support of the issuance of a search warrant,] did not contain probable cause because the veracity of the information provided by Anthony Allen was suspect. The [trial] court noted that Anthony Allen was arrested while in possession of marijuana, attempted to distance himself from the contraband by claiming ignorance of the bag's contents, and shifted blame to the man

---

[5] Because the 30th day of the appeal period fell during the Thanksgiving holiday when the courts were closed, the Commonwealth filed a timely notice of appeal on November 27, 2017. *See* Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); *see also* 1 P.S. § 1908 (whenever the last day of the appeal period falls on a legal holiday, such time shall be omitted from the computation of time). Moreover, pursuant to Pa.R.A.P. 311(d), the Commonwealth certified in its notice of appeal that the orders under review "terminate[d] or substantially handicap[ped] the prosecution." On December 5, 2017, the trial court ordered the Commonwealth to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Commonwealth complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 24, 2018.

who he had recently fought. The [trial] court held that Anthony Allen's condition and the damage to the door [of Apartment 319] suggested that an altercation took place there[,] but these facts indicate only that a fight took place and did not provide a substantial basis to conclude that illegal firearms and controlled substances would be found in the apartment.

The [trial] court's analysis is not complete because the [trial] court did not examine the totality of the circumstances. The information from Anthony Allen was only a small part of the information related by police in the affidavit. The [trial] court disregarded the rest of the information in the affidavit.

*Id.* at 14-15. More specifically, the Commonwealth posits that an identified informant, a confirmed neighbor, told police that she heard a physical altercation outside of her apartment door, heard someone say they had a gun, and witnessed a white pickup truck leaving the scene. *Id.* at 15. Police corroborated this information when they found the door to the subject apartment forcefully damaged and ajar and Anthony Allen "showed obvious signs that he had been in a fight." *Id.* at 15-16. Police stopped Anthony Allen in a vehicle matching the neighbor's description. *Id.* at 16. Anthony Allen and Sabrina Allen admitted that they had just left Apartment 319 after Anthony Allen and Thurman Allen physically fought. *Id.* Additionally, the Commonwealth argues that when police smelled marijuana emanating from truck, there was probable cause to search the vehicle. *Id.* When the police did not recover a firearm during that search, the Commonwealth maintains it was reasonable to suspect a gun remained inside the apartment. *Id.* at 17. Thus, the Commonwealth posits that,

[w]hether [Thurmond Allen gave Anthony Allen] the marijuana, or, as is more likely[, Anthony Allen] forcibly took the marijuana,

the fact remains that police had probable cause to believe as follows:

> [Anthony Allen] just left Apartment 319; there was a fight with a gun in Apartment 319; there was no gun in the truck; the man in the fight was in possession of a large amount of marijuana; the duffle bag of marijuana was easily transported; and [Anthony Allen] claimed he received the marijuana from a resident of that apartment.

*Id.* at 17-18.

Our standard of review in addressing a challenge to the suppression court's granting of a suppression motion is well settled:

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.
>
> Our standard of review is restricted to establishing whether the record supports the suppression court's factual findings; however, we maintain *de novo* review over the suppression court's legal conclusions.
>
> With regard to search warrants, we have explained the following.
>
>> It is well-established that for a search warrant to be constitutionally valid, the issuing authority must decide that probable cause exists at the time of its issuance, and make this determination on facts described within the four corners of the supporting affidavit, and closely related in time to the date of issuance of the warrant. It is equally well established that a reviewing court [must] pay great deference to an issuing authority's determination of probable cause for the issuance of a search warrant. Moreover, our

> Supreme Court has recognized that affidavits supporting search warrants normally are prepared by nonlawyers in the midst and haste of a criminal investigation, and, accordingly, said affidavits, should be interpreted in a common sense and realistic fashion rather than in a hypertechnical manner.
>
> \*          \*          \*
>
> In short, probable cause exists when, based upon a totality of the circumstances set forth in the affidavit of probable cause, there is a fair probability that evidence of a crime will be found in a particular place.

*Commonwealth v. Korn*, 139 A.3d 249, 252–254 (Pa. Super. 2016) (internal citations and quotations omitted).  Further,

> [i]n reviewing an issuing authority's decision to issue a warrant, a suppression court must affirm unless the issuing authority had no substantial basis for its decision.  On appeal, [the appellate court] affirms the decision of the suppression court unless it commits an error of law or makes a factual finding without record support.

*Commonwealth v. Lyons*, 79 A.3d 1053, 1064 (Pa. 2013), *citing*

*Commonwealth v. Johnson*, 42 A.3d 10017, 1031 (Pa. 2012) and

*Commonwealth v. Briggs*, 12 A.3d 291, 320 (Pa. 2011).

Here, upon careful review of the uncontradicted facts and applicable law, we conclude the trial court erred by finding a lack of probable cause to support the search warrant at issue.  More specifically, the trial court erred by focusing almost exclusively on Anthony Allen's veracity in granting suppression, instead of examining the totality of circumstances as set forth in the affidavit of probable cause as required.  Officer Alexander did not blindly accept Anthony Allen's statements to establish probable cause as the trial court suggests.  By their own admission, Anthony Allen **and** Sabrina Allen were leaving Apartment

319 immediately after a physical altercation. Sabrina Allen verified that she lived there with Thurmond Allen. A neighbor, who police directly interviewed, stated that she witnessed the fray and heard someone threaten to shoot someone else. Police corroborated the physical fight when they observed Anthony Allen's injuries and saw damage to the door of the apartment that he recently departed. When the police did not recover a firearm from one of the confirmed participants of the fight, Anthony Allen, it was reasonable for them to assume a gun was still in the apartment. Moreover, when police legally recovered a large quantity of marijuana from Anthony Allen, who claimed it originated from the apartment at issue, it was reasonable for them to believe there was a fair probability of additional evidence of narcotics sales and/or illicit use inside the apartment. Such inference was reasonable regardless of the reason Anthony Allen gave for his receipt of the narcotics. In sum, when the police applied for the search warrant at issue, they knew that there was a physical altercation with the threat of a firearm and a large quantity of narcotics, all centered on a specific, corroborated apartment. Thus, there were separate and mutually confirmatory grounds for police to believe that a firearm and evidence of narcotics use or sale would be found in Apartment 319. Thus, under a totality of the circumstances as clearly set forth in the affidavit of probable cause, there was a fair probability that police would find evidence of a firearm and narcotics in Apartment 319. As such, we conclude

that the trial court erred in suppressing the evidence found therein. Accordingly, we reverse the order granting suppression.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/7/18